UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11826-GAO

CAROLYN BRITTON,
Plaintiff,

v.

ATHENAHEALTH, INC., CINDY J. MORAN, GREGORY J. MERTZ, MICHAEL G. CALLUM, NAVIGANT CONSULTING, INC., STEWARD HEALTH CARE SYSTEM LLC, STEWARD PHYSICIAN NETWORK, INC., STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., TAS-CC, INC., TAS-CCPN, INC., TAS-CSEMCB, INC., AND THOMAS F. CADY,
Defendants.

OPINION AND ORDER
April 28, 2014

O'TOOLE, D.J.

**I.**   **Background**

The plaintiff, Carolyn Britton, asserts claims of wrongful termination, race discrimination, and sex discrimination in violation of 42 U.S.C. § 1981, Massachusetts General Laws Chapter 151B, and Title VII, along with claims for breach of contract, promissory estoppel, and quantum meruit. The allegations arise out of the plaintiff's tenure as a health care executive at Caritas Christi Physician Network, Inc. from August 2008 to August 2009. The defendants have moved to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The plaintiff opposed the motion to dismiss and also moved to strike certain portions therein.

---

[1] Defendants Moran, Mertz, Callum, Navigant Consulting, Inc., Steward Health Care System LLC, Steward Physician Network, Inc., Steward St. Elizabeth's Medical Center of Boston, Inc., TAS-CC, Inc., TAS-CCPN, Inc., and TAS-CSEMCB, Inc. filed a motion to dismiss. Defendants Athenahealth, Inc. and Cady filed a separate motion to dismiss.

## II. Motion to Strike

In response to the defendants' motion to dismiss, the plaintiff moves to "strike . . . the defendants' unsworn factual assertions and uncertified documents." (Pl.'s Opp'n to Mot. to Dismiss, at 2 (dkt. no. 22).) First, it is unclear exactly what "factual assertions" the plaintiff objects to, as the Court can find no assertions of fact in the defendants' papers. Second, the plaintiff erroneously contends that the Court cannot take judicial notice of the uncertified state court documents attached to the defendants' motion to dismiss. See Fed. R. Evid. 201; Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) ("[W]here the motion to dismiss is premised on a defense of res judicata . . . the court may take into account the record in the original action."); Kowalski v. Gagne, 914 F.2d 299, 305-06 (1st Cir. 1990) (upholding lower court's decision to take judicial notice of uncertified copy of relevant court record); see also Lynch v. Bd. of State Exam'rs of Electricians, 218 F. Supp. 2d 3, 6 n.7 (D. Mass. 2002) (acknowledging that state court documents are exempt from the general rule that matters outside the pleadings may not be considered on a motion to dismiss because they are official public records).

The plaintiff's motion to strike (dkt. no. 22) is therefore DENIED in its entirety.

## III. Motion to Dismiss

The defendants have moved to dismiss the Amended Complaint in its entirety based on a theory of res judicata, or claim preclusion. The plaintiff opposes the motion to dismiss, arguing that res judicata is improper at the motion to dismiss stage and, in any case, the defendants have failed to establish its applicability.

As an initial matter, courts may "consider res judicata on a motion to dismiss as long as 'there [is] no prejudice to the plaintiff resulting from the procedural format in which the issue of

res judicata [is] considered.'" Lynch, 218 F. Supp. 2d at 6 (quoting Diaz-Buxo v. Trias Monge, 593 F.2d 153, 155 (1st Cir. 1979)). The plaintiff makes no credible argument of prejudice, and the Court can discern none.[2] Accordingly, the Court will proceed to determining the merits of the defendants' res judicata defense.

The following elements must be present for res judicata to apply: "'(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.'" Andrew Robinson Int'l, Inc., 547 F.3d at 52 (quoting Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005)). Res judicata is an affirmative defense, and therefore the defendants have the burden of showing that "the facts establishing [the three elements above] are definitely ascertainable from the complaint and other allowable sources of evidence, and . . . those facts suffice to establish the affirmative defense with certitude." SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir. 2008). In making this determination, the Court may consider the Amended Complaint as well as the prior state court record. See Andrew Robinson Int'l, Inc., 547 F.3d at 51.

A review of the prior state court record quickly and inarguably establishes the presence of the first and third elements of res judicata. First, the plaintiff named identical defendants in both the prior state and current federal action. Second, the plaintiff's prior state court case was dismissed for failure to state a claim pursuant to Massachusetts Rule of Civil Procedure 12(b)(6).

---

[2] The defendants filed their initial motion to dismiss on December 18, 2013, relying solely on a theory of res judicata. The plaintiff then filed an Amended Complaint on December 30, 2013. The defendants subsequently filed a motion to dismiss the Amended Complaint on January 13, 2014, again relying on res judicata. The plaintiff filed her opposition to the motion two weeks later on January 27, 2014. Thus, the plaintiff was first notified of the defendants' assertion of res judicata at the motion to dismiss stage nearly six weeks before filing her initial opposition. It is therefore in no way "unfair to require the plaintiff to shoulder [this] burden at the [m]otion to [d]ismiss stage." (Pl.'s Opp'n to Mot. to Dismiss, at 1.)

Thus, the Superior Court's decision "operates as a dismissal on the merits . . . with res judicata effects." Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983).

The only possible area of dispute is whether the defendant can show identity of the cause of action, or, rather, whether the state court complaint and Amended Complaint "'grow[ ] out of the same transaction, act, or agreement, and seek[ ] redress for the same wrong.'" Andrew Robinson Int'l, Inc., 547 F.3d at 52 (quoting Brunson v. Wall, 541 N.E.2d 338, 341 n.9 (Mass. 1989)). The plaintiff cannot shield herself from res judicata merely by "assert[ing] new legal theories, embodied in different statutes and different common law doctrines." Isaac, 706 F.2d at 17. Accordingly, the issue is "not whether the plaintiff in fact argued [her] . . . claims in the state proceeding, but whether [s]he could have." Id. (internal quotation marks omitted).

Here, the defendants have met their burden to establish identity of the causes of action. The Amended Complaint details essentially the same factual narrative as the state court complaint, the only new content being conclusory legal statements and theories tacked on to certain paragraphs. Furthermore, each claim was either brought by the plaintiff or could have been brought before the Superior Court. First, the plaintiff's claim for breach of contract was included in the state court complaint. Britton v. Athenahealth, Inc., 2013 WL 2181654, at *1 (Mass. Super. Ct. May 3, 2013). The plaintiff's claims for promissory estoppel and quantum meruit could also have been argued then, and she even attempted to amend the state court complaint to add them. Second, the plaintiff's claims under 42 U.S.C. § 1981 could have been argued in the state court action. See DeHorney v. Bank of Am. Nat. Trust and Sav. Ass'n, 879 F.2d 459, 463 (9th Cir. 1989) (holding that state and federal courts have concurrent jurisdiction over Section 1981 claims). Third, the plaintiff expressly declined to bring a Chapter 151B claim

in state court, despite her ability to do so.[3] Athenahealth, Inc., 2013 WL 2181654, at *3. Finally, there was nothing to prevent the plaintiff from bringing her Title VII claim in the Superior Court.[4] See Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 821 (1990) (holding that state and federal courts have concurrent jurisdiction over Title VII claims).

## IV. Conclusion

For the reasons stated herein, the plaintiff's motion to strike (dkt. no. 22) is DENIED, and the defendants' Motions to Dismiss (dkt. nos. 18 and 20) are GRANTED. The Amended Complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[3] The plaintiff filed a complaint under Chapter 151B in the Massachusetts Commission against Discrimination ("MCAD") on February 18, 2011. Thus, the plaintiff was free to bring a Chapter 151B claim in state court in June 2012 when she filed the state court complaint. Mass. Gen. Laws ch. 151B § 9 (stating that a plaintiff may file state court action under Chapter 151B at the expiration of ninety days after filing a complaint with the commission). The failure to do so was her own doing, and resulted in the dismissal of her "wrongful termination" claim by the Superior Court. Athenahealth, Inc., 2013 WL 2181654, at *3.

[4] The lack of an Equal Employment Opportunity Commission "right-to-sue" letter at the time the plaintiff filed her state court complaint does not matter, as there is nothing to indicate that she was unable to request a stay from the Superior Court until she could obtain the letter. See Havercombe v. Dep't of Educ. of Com. of P.R., 250 F.3d 1, 8 (1st Cir. 2001).